**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

JAMES KENNETH MIZE,

        Plaintiff,

vs.

UNITED STATES OF AMERICA,

        Defendant.

Case No. 2:14–cv–1179–RFB–VCF

**AMENDED REPORT & RECOMMENDATION**

This matter is before the court on *pro se* Plaintiff James Mize's application to proceed *in forma pauperis*. For the reasons stated below, the court recommends denying Mize's application to proceed *in forma pauperis* and barring him from commencing subsequent actions without leave of court.

Under 28 U.S.C. § 1914(a), a filing fee is required to commence a civil action in federal court. The court may authorize the commencement of an action without prepayment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement showing the person is unable to pay such costs. *See* 28 U.S.C. § 1915(a)(1). However, under 28 U.S.C.§ 1915(g), a plaintiff may not proceed *in forma pauperis* if "on three or more occasions" he or she brought an action "that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted." This is colloquially known as the "three strikes" rule. *See, e.g.*, *Jones v. Bock*, 549 U.S. 199, 224 (2007).

Mize has now struck out at least twice. In addition to this action, which alleges that Mize is the Director of Area 51 at a Nevada Nuclear Test Site, Mize also commenced the following five actions that were either frivolous or failed to state a claim upon which relief can be granted:

- *James Kenneth Mize v. Chuck Hagel*, No. 2:14–cv–1113–JAD–NJK (D. Nev. 2014);
- *James Kenneth Mize v. Clark Country Justice Court*, No. 2:14–cv–1114–JCM–GWF (D. Nev. 2014);
- *James Kenneth Mize v. Federal Bureau of Investigation*, No. 2:14–cv–01115–JAD–CWH (D. Nev. 2014);
- *James Kenneth Mize v. United States Navy*, No. 2:14–cv–01186–APG–CWH (D. Nev. 2014); and,
- *James Kenneth Mize v. E.K. McDaniel*, No. 3:03–cv–00658–LRH–VPC (D. Nev. 2003).

Therefore, the court recommends denying Mize's application to proceed *in forma pauperis* and barring him from commencing subsequent actions in this court, unless Mize demonstrates that he is "under imminent danger of serious physical injury." *See* 28 U.S.C.§ 1915(g).

ACCORDINGLY, and for good cause shown,

IT IS RECOMMENDED that James Kenneth Mize's application to proceed *in forma pauperis* (#1) be DENIED.

IT IS FURTHER RECOMMENDED that James Kenneth Mize's motion for waiver of the filing fee (#2) be DENIED.

IT IS FURTHER RECOMMENDED that James Kenneth Mize be BARRED from commencing actions in this court, as permitted by 28 U.S.C.§ 1915(g).

IT IS SO RECOMMENDED.

## **NOTICE**

Pursuant to Local Rules IB 3-1 and IB 3-2, a party may object to orders and reports and recommendations issued by the magistrate judge. Objections must be in writing and filed with the Clerk of the Court within fourteen days. LR IB 3-1, 3-2. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This circuit has also held that (1) failure to file

objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

Pursuant to Local Special Rule 2-2, the Plaintiff must immediately file written notification with the court of any change of address. The notification must include proof of service upon each opposing party of the party's attorney. **Failure to comply with this Rule may result in dismissal of the action**. *See* LSR 2-2.

DATED this 29th day of July, 2014.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE